PHILIP ALAN AND KAYLEEN MAE BOICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Boice v. Commissioner
Docket No. 7174-91
United States Tax Court
T.C. Memo 1993-627; 1993 Tax Ct. Memo LEXIS 636; 66 T.C.M. (CCH) 1794; December 27, 1993, Filed *636 Decision will be entered under Rule 155. Philip Alan Boice, pro se. For respondent: Michael Lloyd. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for their taxable year 1987 in the amount of $ 956. After a concession by petitioners, the sole issue for decision is whether petitioners are entitled to claimed deductions for transportation expenses petitioner Philip Alan Boice incurred while traveling between his personal residence and various locations in the Black Hills National Forest. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Spearfish, South Dakota, at the time their petition was filed. During the year in issue petitioner Philip Alan Boice (Mr. Boice) worked as a professional *637 "faller" or "cutter" (an individual whose occupation is to cut down trees) at temporary work sites in and around the Black Hills National Forest (Black Hills). Mr. Boice was a cutter during the year in issue, which means that he worked for contractors who owned the right to remove timber from certain parcels of land, colloquially referred to in the industry as "sales". During the year in issue Mr. Boice worked as a cutter on eight different sales, for three different contractors. Within each different sale, Mr. Boice cut trees in many different locations. Mr. Boice was paid by the contractors based on either the tonnage of trees he cleared or the length (per thousand-board feet) of trees he felled. The distance from Mr. Boice's home to the various cutting sites he worked at within the Black Hills during the year in issue ranged from 15 to 70 miles each way. In rendering his services, Mr. Boice furnished his own truck, fuel, and trade tools. Mr. Boice's trade tools included a fire shovel, safety chaps, gasoline jugs, a tool belt, a safety helmet, wedging axe, various shovels, tire chains, a hammer, motor oil, three chain saws, a saw repair tool box, jumper cables, various small *638 tools, funnels, and a hydraulic jack. Mr. Boice carried most of his trade tools with him in his truck when he went to his cutting sites, but he maintained a workshop adjacent to his home where he stored, maintained and repaired his equipment. Mr. Boice spent approximately 3 hours per week in his workshop, and his workshop premises were absolutely essential to his business. Mr. Boice could not have maintained or repaired his cutting equipment without the use of his workshop. Mr. Boice has been a professional cutter since 1973, and has a fine reputation in his field. During the year in issue he received work from contractors who called him at home, or from contractors he phoned from his home after seeing notices posted at a saw shop, or through word of mouth contacts. Mr. Boice also maintained a logo advertising his services on the bug screen of his truck. On the Schedule C attached to their Federal income tax return filed for the year in issue, petitioners claimed a deduction in the amount of $ 5,149 for transportation expenses incurred by Mr. Boice in his trade or business as a cutter. Respondent disallowed $ 3,173 of the claimed deduction on the ground that this amount of *639 the transportation expense was incurred for Mr. Boice's travel back and forth between petitioners' personal residence and the various cutting sites he worked at in the Black Hills during the year in issue, and therefore constituted nondeductible commuting expenses. Petitioners contend they are entitled to deduct the full amount of their reported transportation expenses because they constitute ordinary and necessary business expenses incurred by Mr. Boice in carrying on his trade or business as a cutter. Deductions are a matter of legislative grace and petitioners bear the burden of proving their entitlement to their claimed deduction in issue. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). We have recently examined the precise issue herein on facts essentially indistinguishable from this case. Walker v. Commissioner, 101 T.C.    (Dec. 13, 1993). In Walker the taxpayer also was a cutter who worked in the Black Hills and traveled back and forth on a daily basis from his personal residence to various locations in the Black Hills to cut timber; also required use of a truck and carried with him in his truck the tools of his *640 trade; also maintained a workshop adjacent to his home where he stored, maintained, and repaired his working equipment; and also obtained cutting assignments using his home as his base of operation. Based on the record in Walker we concluded that the taxpayer's workshop and surrounding premises (i.e., his personal residence) comprised a regular place of business, and allowed the taxpayer to deduct the transportation expenses he incurred for traveling between his personal residence and temporary cutting sites in the Black Hills. We reached this conclusion on the basis of Rev. Rul. 90-23, 1990-1 C.B. 29, which allows a deduction for transportation expenses incurred for travel between a taxpayer's residence, which is a regular place of business, and temporary work places within a metropolitan area. We treated respondent's position in the ruling as a concession that such expenses are deductible if a taxpayer can establish that he meets the factual requirements of the ruling. After due consideration we find that there are no essential facts in the instant case distinguishable from those presented in Walker, and no legal arguments presented *641 by respondent in the instant case which were not addressed and rejected in Walker. On the basis of our reasoning in Walker v. Commissioner, supra, we conclude that during the year in issue, Mr. Boice's workshop and surrounding premises (i.e., his personal residence), was a regular place of business and hold that petitioners are entitled to deduct the full amount of their claimed expenses for Mr. Boice's travel between his personal residence and the various work sites in the Black Hills during the year in issue. To reflect petitioners' concession, Decision will be entered under Rule 155. Footnotes
*. By Order dated Nov. 8, 1993, an earlier opinion in this case, Boice v. Commissioner, T.C. Memo. 1993-498, was withdrawn.↩